[Civ. No. 1926. First Appellate District.—December 15, 1916.]

EARL T. HANSEN, Respondent, v. SIERRA AND SAN
FRANCISCO POWER COMPANY (a Corporation),
Appellant.

NEGLIGENCE—INJURY TO HELPER OF DRIVER OF MOTOR. TRUCK—ASSIST-
ANCE IN LOADING POWER-LINE POLE—UNSAFE APPLIANCE—SUPPORT
OF FINDING.—In an action for damages for personal injuries re-
ceived by the plaintiff while engaged in assisting in loading a heavy
power-line pole on a motor truck, from the falling upon him of the
plank or skid up which the pole was to be rolled, and which slipped off
of the end of the wooden horse upon which it rested, the finding that
the wooden horse was not a fit and proper appliance for the loading
of such pole, by reason of the fact that it was without cleats bolted
or fastened to prevent the plank or skid from slipping from it, and
that such defect was known to the defendant and unknown to the
plaintiff at the time of the injuries, will not be disturbed on appeal,
where the only witnesses to the accident were the plaintiff and two
fellow-employees under whose direction the plaintiff was working,
and the testimony of the plaintiff with that of such employees sup-
ported such findings.

ID.—CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT. — Whether the
plaintiff knew or ought to have known of the defective qualities of
the appliances with which he and his fellow-employees were fur-
nished to do the particular thing out of the doing of which his
injuries arose, was a question of fact for the trial court to deter-
mine from the nature and obviousness of the alleged defects, and
also from the more or less limited opportunity of the plaintiff to
observe them, and to appreciate their dangers arising out of his
brief time of employment and previous nonuse of such appliances,
and with the court's determination in plaintiff's favor the appellate
court cannot interfere.

ID.—DAMAGES — AWARD NOT EXCESSIVE. — An award of the sum of
$11,310.05 as damages for personal injuries will not be disturbed on
appeal, where it is shown that the plaintiff at the time of his
injuries was thirty-two years of age, in sound condition both physi-
cally and mentally, possessed of an earning capacity of $85 per
month, and that he, as a result of the injury, sustained an impair-
ment of both his physical and mental condition to an extent that
he might never again be able to undergo any productive physical
or mental exertion.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial. W. A.
Beasley, Judge.

The facts are stated in the opinion of the court.

Denson, Cooley & Denson, R. C. McComish, and Chickering & Gregory, for Appellant.

E. M. Rea, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor and from an order denying the defendant's motion for a new trial.

The action was one for damages for personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendant, and while engaged as a helper to the driver of a motor truck used by the defendant in hauling electric power poles from its yards at San Martin in Santa Clara County to points along its power line on the Monterey road. The action was tried by the court sitting without a jury. The findings of the court set forth the details of the accident in which plaintiff received his injuries substantially as follows: On and prior to the fifteenth day of April, 1912, the plaintiff was employed by the defendant as helper to a truck-driver in and about the construction of its power lines in the above region, and subject to the orders of said truck-driver, and also to the orders of the yard foreman of said defendant at San Martin. On said last-named day these three employees of the defendant were engaged in loading a large heavy electric power-line pole on to a certain wagon or truck of the defendant by means of a wooden horse, so placed that one end of a large and heavy plank or skid rested on the end of said wooden horse, the other end of said plank resting upon the ground, in order that said electric-line pole could be rolled or pulled up the said plank and thence on to said wagon or truck. While so engaged in loading said pole upon said truck, the plaintiff was proceeding under the direction of his fellow-employees to so place a block under the legs of said wooden horse as to raise the height of said horse, so that the end of the plank or skid resting on the same would be as high as the bed of said truck or wagon, and while the plaintiff was so engaged his fellow-employees lifted or raised said wooden horse so high that the end of said plank or skid slipped off the end thereof and fell upon the plaintiff, causing the injuries for which this action was brought. The court

further found that said wooden horse was not a fit and proper tool for use for the purposes for which it was being used at the time of said injury, for the reason that it had no cleats bolted or fastened on the end thereof which would have prevented the said plank or skid from slipping from it, and that such cleats as had theretofore been thereon were broken and worn off by usage; and also that the notch in the end of said wooden horse designed to hold said plank or skid in place was worn away, and that such imperfect and outworn condition of said appliances was well known to the defendant and was not known to the plaintiff prior to and at the time of said injury.

The chief contention of the appellant herein is that the foregoing facts as found by the court were unsupported by the evidence in the case, and for that reason its motion for a nonsuit should have prevailed and its motion for a new trial should have been granted. The appellant makes the further contention that the plaintiff was guilty of contributory negligence which should, as a matter of law, have prevented his recovery in the action.

With respect to the first of these contentions we have carefully read the record relating to the construction and state of repair of the appliance furnished by the defendant to its employees for the purpose of the work in the doing of which the plaintiff's injuries were received, and also relating to the acts in detail of the plaintiff, and of the two other superior employees of the defendant under whose direction the plaintiff was working at the time of his injuries; and after such an inspection of the record we are unable to say that the trial court did not have before it sufficient evidence which, if believed by it, would sustain its foregoing findings of fact. The only witnesses to the immediate accident in which plaintiff's injuries were received were the plaintiff himself and the two other employees of the defendant, under whose direction he was performing the particular task which put him in the place of danger at the moment when the plank slipped off the end of the wooden horse which his fellow-servants were lifting, and struck him on the head. The plaintiff himself testified to his own acts under the direction of his fellow-servants immediately prior to and at the time of the accident; and while his testimony is in some material respects contradicted by that of his associates, in certain other respects it is infer-

entially supported by their own statements as to the positions of the three participants in the accident at the moment of its occurrence. The trial judge with these three witnesses before him saw fit to believe the substance of the plaintiff's statement as to the details of the accident, and we are unable to say that in so doing he was in error.

The contention of the defendant that the plaintiff was shown to have been guilty of contributory negligence which should have prevented his recovery, we find to be also without merit. Whether the plaintiff knew, or ought to have known, of the defective qualities of the appliances with which he and his fellow-employees were furnished to do the particular thing out of the doing of which his injuries arose, was a question of fact for the trial court to determine from the nature and obviousness of the alleged defects, and also from the more or less limited opportunity of the plaintiff to observe them and to appreciate their dangers arising out of his brief time of employment and previous nonuse of these particular appliances; and with its determination of this question of fact in plaintiff's favor we cannot interfere.

This accident occurred after the enactment of the so-called Roseberry Act, relieving employees of the defense of assumption of risk and negligence of their fellow-employees; and hence these defenses were not available to the defendant in this action.

The final contention of the appellant is that the award of damages by the trial court was excessive. The sum awarded as damages to the plaintiff was $11,310.05. At the time of his injuries the plaintiff was thirty-two years of age, in sound condition both physically and mentally, and with an earning capacity of $85 a month. As a result of the accident both his mental and physical condition are seriously and probably permanently impaired, to such an extent that he may never again be able to undergo any productive physical or mental exertion. The trial court seems, in making up its estimate of the amount of the plaintiff's compensation for these injuries, to have taken into account his life expectancy, and to have also made use of the methods of arriving at a proper measure of damages adopted under the so-called Workmen's Compensation Act. We cannot see that the use of those methods of arriving at a just admeasurement of damages by the trial court was not entirely legitimate, or that the result

thus arrived at was either excessive or unjust, there being no contention that the mind of the trial judge was affected either by passion or prejudice in arriving at the amount specified as the sum which the plaintiff was entitled to recover. This being so, the amount of the judgment will not be disturbed.

In so far as the motion for a new trial was based upon newly discovered evidence supported by affidavits, it does not seem to be contended in the briefs of counsel for the appellant or upon oral argument that the trial court erred in refusing to grant said motion upon that ground. It will not, therefore, be considered upon appeal.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 13, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 12, 1917.